# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SAVINO CAPUCHINO AGUILAR, | |
| Petitioner-Defendant, | No. C 00-0149-LRR |
| vs. | No. CR 98-0011-LRR |
| UNITED STATES OF AMERICA, | **ORDER** |
| Respondent-Plaintiff. | |

The matter before the court is Defendant Savino Capuchino Aguilar's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Declaration in Support (the "Motion") (docket no. 431).

On November 12, 1998, Defendant was convicted of five counts of violating the federal Controlled Substances Act, 21 U.S.C. § 801 *et seq*. On January 22, 1999, the court[1] sentenced Defendant to an imprisonment term of life on Counts 1 through 3, and an imprisonment term of 40 years on Counts 4 and 5, the terms to be run concurrently, to be followed by 10 years of supervised release. Defendant was also ordered to pay a $500 special assessment and $7,100 restitution.

On October 13, 1999, the Eighth Circuit Court of Appeals affirmed Defendant's judgment and conviction. *United States v. Aguilar*, No. 99-1237, 1999 U.S. App. LEXIS 25554, *1 (8th Cir. Oct. 13, 1999) (per curiam) (unpublished decision). Defendant did

---

[1] The Honorable Michael J. Melloy presided over this criminal matter in the United States District Court for the Northern District of Iowa through the denial of Defendant's habeas corpus relief on October 23, 2002. Judge Melloy has since been elevated to the United States Court of Appeals for the Eighth Circuit.

not file a petition for writ of certiorari with the United States Supreme Court. On September 20, 2000, the Clerk of Court received Defendant's timely petition pursuant to 28 U.S.C. § 2255 ("§ 2255") challenging his sentence. On October 23, 2002, the court ordered Defendant was entitled to no relief under § 2255. On March 28, 2003, Defendant filed a motion for adjustment/correction of his sentence pursuant to 18 U.S.C. § 3582. On October 24, 2003, the court denied such motion.

On March 7, 2005, Defendant filed the Motion under consideration here. On March 17, 2005, the government filed a resistance to Defendant's Motion. On April 14, 2005, Defendant filed a reply to the government's resistance. In his Motion, Defendant moves the court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") to grant him relief from the court's October 23, 2002 Judgment and Order denying him any relief under § 2255. Defendant seeks to amend his previously filed motions pursuant to § 2255 in light of the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Defendant contends his sentence is illegal.

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence pursuant to § 2255 on the ground or grounds he was convicted or sentenced in violation of federal law. 28 U.S.C. § 2255 para. 1. Any challenge to the legality of the sentence imposed must be brought under § 2255. *Id.* A defendant may only file a second or successive motion pursuant to § 2255 with the advance authorization of a United States court of appeals. *Id.* § 2255 para. 8; *see also* 28 U.S.C. § 2244(b)(3).

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034,

2

1036 (8th Cir. 2005) (per curiam), *cert. denied*, No. 04-10270, 2005 U.S. LEXIS 4976, at *1 (June 20, 2005) (citing *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (per curiam), and *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam)). The Eighth Circuit Court of Appeals specifically advised district courts to conduct "a brief initial inquiry" into the allegations of the Rule 60(b) motion to determine if it is a second or successive habeas petition. *Boyd*, 304 F.3d at 814. "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Id*.

Defendant's Motion contends his sentence violates federal law and does not contend, for example, a defect in the habeas corpus proceeding. *Cf. Gonzalez v. Crosby*, No. 04-6432, 2005 U.S. LEXIS 5014, *1, *15-16, *26 (June 23, 2005) (holding a defendant's motion pursuant to Rule 60(b) alleging a defect in habeas proceedings under 28 U.S.C. § 2244 is properly brought, while a defendant's motion pursuant to Rule 60(b) to make a successive habeas attack on a state court conviction is not properly brought). Therefore, Rule 60(b) does not provide Defendant with a means by which he may challenge his sentence because the relief he seeks is more properly brought as a second or successive § 2255 motion. Defendant did not obtain advance authorization from the Eighth Circuit Court of Appeals to file this Motion, as required by federal law.

Because Defendant's arguments challenging his sentence are meritless, the court declines Defendant's request to transfer his Motion to the Eighth Circuit Court of Appeals. The Eighth Circuit Court of Appeals has held that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses a Shot v. United States*, ___ F.3d ___, No. 05-1233, 2005 U.S. App. LEXIS 13451, *6-7 (8th Cir.

July 7, 2005) (per curiam). Defendant's convictions became final for purposes of the retroactivity of new constitutional rules on January 11, 2000, when the time for petitioning the Supreme Court for a writ of certiorari had elapsed. *See* Sup. Ct. R. 13(1) (allowing a criminal defendant ninety days from the date of the entry of judgment from the United States court of appeals for filing a petition for a writ of certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). Defendant's convictions were final well before the Supreme Court issued its opinions in either *Blakely* or *Booker*. Neither case, therefore, provides Defendant a basis for challenging his sentence.

For the reasons stated herein, the court **DENIES** Savino Capuchino Aguilar's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Declaration in Support (docket no. 431).

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA